IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL VAN DEELEN,<br>Plaintiff, | § § § | |
| VS. | § § | Civil Action No. 4:13-cv-1931 |
| JPMORGAN CHASE BANK,<br>NATIONAL ASSOCIATION,<br>Defendant. | § § § § | |

## JPMORGAN CHASE BANK, N.A.'s NOTICE OF REMOVAL

COMES NOW JPMORGAN CHASE BANK, N.A ("Chase"), the sole Defendant herein, pursuant to 28 U.S.C. §§1332, 1441, and 1446(a), files this Notice of Removal.

### I.
#### INTRODUCTION

1.   Plaintiff Michael Van Deelen ("Van Deelen") is, and was at the time of the occurrence made the basis of this suit, a citizen of the state of Texas.

2.   Defendant Chase, a national banking association, is a citizen of Ohio.

3.   Plaintiff seeks redress from Chase alleging that it maliciously prosecuted and defamed him with regard to an arrest made at or near Chase's premises. According to Plaintiff's Petition, he seeks up to $1,000,000 in compensatory damages, as well as exemplary damages.

4.	Plaintiff filed suit in the 61st Judicial District Court of Harris County, Texas in Cause No. 2013-33887, and served Defendant Chase on June 11, 2013. This action has been on file for less than one year, and Chase filed this Notice of Removal within thirty (30) days of service.

## II.
### GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

**A.	Diversity Jurisdiction Exists**

5.	Removal is proper because this lawsuit involves a controversy between citizens of different states. Specifically, Plaintiff Van Deelen is, and was at the time of the occurrence, a citizen and resident of the state of Texas. In contrast, Defendant Chase is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio. 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *see Wachovia Bank, NA. v. Schmidt*, 126 S. Ct. 941 (2006) (recognizing that, for purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located). Therefore, complete diversity exists between Plaintiff Van Deelen and Defendant Chase.

**B.	The Amount In Controversy Is Met, As Plaintiff Seeks To Recover Up To $1 Million In Compensatory Damages**

6.	Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441. Specifically, Plaintiff's Petition expressly alleges that he seeks to recover an amount that would "exceed not more than $1,000,000"

for the injuries he allegedly sustained as a result of Chase's malicious prosecution, defamation and negligence. (Ex. B-2, at ¶13); *Pennington v. Carmax Auto Superstores Inc.*, 2010 WL 1050266, *1 (S.D. Tex. 2010) (Harmon, J.) (finding that similar allegations that plaintiff was not seeking to recover "in excess" of a sum greater than $75,000 met "the amount in controversy necessary for this Court to assert jurisdiction."); *Puckitt v. Wells Fargo Bank, N.A.*, CIV.A. G-09-0056, 2010 WL 2635626, *3-4 (S.D. Tex. June 28, 2010) (Rosenthal, J.) (the same); *see also Wright v. Spindletop Films, L.L.C.*, 845 F. Supp. 2d 783, 787 (S.D. Tex. 2012) (Ellison, J.) ("Courts are to 'decide what the amount in controversy is from the complaint itself …'") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself …"); *Trans-Net, Inc. v. Crawley*, 2008 WL 938374, *1 (S.D. Tex. 2008) (Miller, J.) ("In this case, [plaintiff] avers actual damages in excess of the jurisdictional minimum. [Plaintiff's] assertions are sufficient to support diversity jurisdiction."). These damages sought by Plaintiff include physical suffering and mental anguish, disfigurement, impairment, damage to his reputation, loss of earning capacity in the past and future, loss of wages in the past and future, and future medical treatment for his injuries. (Ex. B-2, at ¶¶ 12-13). In addition to this sum of compensatory damages, Plaintiff seeks an award of exemplary damages. (*Id.*, at ¶¶ 14-15). Therefore, Plaintiff seeks to recover an amount greater than $75,000, exclusive of interest and costs.

7. Furthermore, the fact that Plaintiff is seeking in excess of the sum of $75,000 (exclusive of interest and costs) is demonstrated by Plaintiff opting out of Texas' new expedited action process. Specifically, as of March 1, 2013, this process applies to all actions where a plaintiff seeks monetary relief of $100,000 or less. TEX. R. CIV. P. 169 ("The expedited actions process in this rule applies to a suit in which all claimants, other than counter-claimants, affirmatively plead that they seek only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."). The determination whether this expedited process applies is made upon the filing of the original petition, as plaintiffs in Texas now have an affirmative duty to plead the amount that is sought. TEX. R. CIV. P. 47 ("An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, *shall* contain …a statement that the party seeks: (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or …(4) monetary relief over $200,000 but not more than $1,000,000") (emphasis added).[1] Here, to demonstrate that he seeks more than $100,000, Plaintiff alleged that he may be awarded an amount that would "exceed not more than $1,000,000." (Ex. B-2, at ¶ 13). Indeed, Plaintiff indicated in the civil cover sheet filed along with his petition that he was seeking "[o]ver $200,0000 but not more than $1,000,000." (Ex. B-1). Therefore, Plaintiff Van

---

[1] Previously, plaintiffs in Texas were "prohibited from alleging a monetary sum in their original petition," unless the defendant specially excepted. *Troiani v. Allstate Ins. Co.*, 2006 WL 1851378, *2 (S.D. Tex. 2006) (citing the previous version of Tex.R. Civ. P. § 47(b)).

Deelen is seeking well in excess of the requisite $75,000 amount, exclusive of interest and costs.

**C.     Removal Was Timely**

8.     Plaintiff served Defendant Chase on June 11, 2013 with the present suit. (Ex. B-9.)  On July 2, 2013, and less than thirty days after being served, Chase filed this Notice of Removal.  In addition, the suit has been pending for less than a year.  Therefore, removal of this action is timely.

## III.
### COMPLIANCE WITH REMOVAL PROCEDURES

9.     Attached to this Notice as Exhibits A-C are the following documents required by 28 U.S.C. § 1446(a) and S.D. TEX. LOC. R. 81:

A.     An index of all matters being filed;

B.     A copy of the Docket Sheet from 61st Judicial District Court of Harris County, Texas;

   B-1.   Plaintiff's Civil Case Information Sheet, filed June 6, 2013;

   B-2.   Plaintiff's Original Petition Requests for Disclosure First Set of Interrogatories, Requests for Production, filed June 6, 2013;

   B-3.   Citation, filed on June 7, 2013;

   B-4.   Certified Mail Regarding Citation, filed on June 7, 2013;

   B-5.   Certified Mail Return Regarding Citation, filed on June 14, 2013;

   B-6.   Defendant's Original Answer to Plaintiff's Original Petition, filed June 25, 2013;

   B-7.   Defendant's Designation of Attorney in Charge Pursuant to Tex. R. Civ. P. 8 and FREEfax Cover Sheet, filed on June 27, 2013;

   B-8 Defendant JPMorgan Chase Bank, N.A.'s First Amended Original Answer, filed June 28, 2013; and

   B-9 Process served on Chase.

 C. A list of all counsel of record in state court, including addresses, telephone numbers, and parties represented.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Texas, Houston Division, embraces Harris County, Texas, where the state court action was filed and is currently pending.

11. Chase promptly will file a copy of this Notice of Removal with the clerk of the state court in which the state court action is pending.

### JURY DEMAND

12. Defendant Chase has, by written request, demanded a jury in the state court action and paid the jury fee. (Plaintiff paid the jury fee in the state court action, but did not make a written request for a jury trial pursuant to TEX. R. CIV. P. 216.)

WHEREFORE, PREMISES CONSIDERED, Defendant Chase requests this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, and for such other and further relief to which it justly may be entitled.

Respectfully submitted,

/s/ *Richard G. Miller*
**RICHARD G. MILLER**
State Bar No. 14107500
Southern District Bar No. 621272
Email: richard.miller@fletcherfarley.com

**JES ALEXANDER**
State Bar No. 24040404
Southern District Bar No. 29464
Email: jes.alexander@fletcherfarley.com

**FLETCHER, FARLEY, SHIPMAN
& SALINAS, L.L.P.**
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (telecopier)

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

  This is to certify that on July 2, 2013, I served the following counsel of record via certified mail, return receipt requested:

Mr. Sam K. Mukerji
Ms. Leena Fenner
NIELSEN & MUKERJI, LLP
2405 Smith Street
Houston, Texas  77006

        /s/ *Richard G. Miller*
        **RICHARD G. MILLER**