# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL VAN DEELEN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:13-cv-1931** |
| | § | |
| **JPMORGAN CHASE BANK,** | § | |
| **NATIONAL ASSOCIATION,** | § | |
| **Defendant.** | § | |

<u>**INDEX OF MATTERS BEING FILED**</u>

Pursuant to 28 U.S.C. § 1446(a) and S.D. Tex. Loc. R. 81, the following items are being

filed with this Notice of Removal:

A.   An index of all matters being filed;

B.   A copy of the Docket Sheet from 61st Judicial District Court of Harris County,
Texas;

    B-1.   Plaintiff Civil Case Information Sheet, filed June 6, 2013;

    B-2.   Plaintiff's Original Petition Requests for Disclosure First Set of
Interrogatories Requests for Production, filed June 6, 2013;

    B-3.   Citation, filed on June 7, 2013;

    B-4.   Certified Mail Regarding Citation, filed on June 7, 2013;

    B-5.   Certified Mail Return Regarding Citation, filed on June 11, 2013;

    B-6.   Defendant's Original Answer to Plaintiff's Original Petition, filed June 25,
2013;

    B-7.   Defendant's Designation of Attorney in Charge Pursuant to Tex R Civ P 8
and FREEfax Cover Sheet, filed on June 27, 2013;

    B-8   Defendant JPMorgan Chase Bank, N.A.'s First Amended Original
Answer, filed June 28, 2013; and

    B-9   Process served on Chase.

C.   A list of all counsel of record, including addresses, telephone numbers, and
parties represented.

<u>**INDEX OF MATTERS BEING FILED**</u> – Solo Page

# Exhibit B

| Notes Color Key: | Private | Court | **Docket Sheet** |
|---|---|---|---|

**Case:** 201333887 - 7  **Status:** Active - Civil  **Court:** 061  **File Dt:** 6/6/2013
**Type:** MALICIOUS PROSECUTION
**Style:** VAN DEELEN, MICHAEL vs JPMORGAN CHASE BANK NATIONAL ASSOCIATION

**Docket Sheet Entries**   ( Add )   ( Save/Group )

Total Items: 0                                                    Note Type Filter:

| Active | Posting Date | Comments | Last Mod User | History | Group |
|---|---|---|---|---|---|
| | | No Items Found | | | |
| | | 1 | | | |

**Trial Settings**   ( Add )

| Active | Signed Date | Comments | Last Mod User | History | Group |
|---|---|---|---|---|---|
| | | No Items Found | | | |
| | | 1 | | | |



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Deputy

# Exhibit B/3

CIVIL CASE INFORMATION SHEET

**Filed 13 June 06 P1:08**
**Chris Daniel - District Clerk**
**Harris County**
**By: Nelson Cuero**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: 2013-33887 / Court: 061   COURT *(FOR CLERK USE ONLY)*: ED101J017528101

STYLED Michael Van Deelen v. JPMorgan Chase Bank, National Association

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: **Leena Fenner**  Email: _leena_ @nmtriallawfirm.com | Plaintiff(s)/Petitioner(s): **Michael Van Deelen** | ■ Attorney for Plaintiff/Petitioner  ☐ *Pro Se* Plaintiff/Petitioner  ☐ Title IV-D Agency  ☐ Other: |
| Address: **2405 Smith Street**  Telephone: **713-973-1300** | | Additional Parties in Child Support Case: |
| City/State/Zip: **Houston, TX 77006**  Fax: **713-973-2228** | Defendant(s)/Respondent(s): **JPMorgan Chase Bank, National Association** | Custodial Parent:  Non-Custodial Parent: |
| Signature:  State Bar No: **24082986** | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*  ☐ Consumer/DTPA  ☐ Debt/Contract  ☐ Fraud/Misrepresentation  ☐ Other Debt/Contract: | ☐ Assault/Battery  ☐ Construction  ☐ Defamation  *Malpractice*  ☐ Accounting  ☐ Legal  ☐ Medical  ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation  ☐ Partition  ☐ Quiet Title  ☐ Trespass to Try Title  ☐ Other Property: | ☐ Annulment  ☐ Declare Marriage Void  *Divorce*  ☐ With Children  ☐ No Children | ☐ Enforcement  ☐ Modification—Custody  ☐ Modification—Other |
| *Foreclosure*  ☐ Home Equity—Expedited  ☐ Other Foreclosure  ☐ Franchise  ☐ Insurance  ☐ Landlord/Tenant  ☐ Non-Competition  ☐ Partnership  ☐ Other Contract: | ☐ Motor Vehicle Accident  ☐ Premises  *Product Liability*  ☐ Asbestos/Silica  ☐ Other Product Liability List Product: ____  ☐ Other Injury or Damage: | **Related to Criminal Matters**  ☐ Expunction  ☐ Judgment Nisi  ☐ Non-Disclosure  ☐ Seizure/Forfeiture  ☐ Writ of Habeas Corpus— Pre-indictment  ☐ Other: ____ | **Title IV-D**  ☐ Enforcement/Modification  ☐ Paternity  ☐ Reciprocals (UIFSA)  ☐ Support Order  **Other Family Law**  ☐ Enforce Foreign Judgment  ☐ Habeas Corpus  ☐ Name Change  ☐ Protective Order  ☐ Removal of Disabilities of Minority  ☐ Other: | **Parent-Child Relationship**  ☐ Adoption/Adoption with Termination  ☐ Child Protection  ☐ Child Support  ☐ Custody or Visitation  ☐ Gestational Parenting  ☐ Grandparent Access  ☐ Parentage/Paternity  ☐ Termination of Parental Rights  ☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination  ☐ Retaliation  ☐ Termination  ☐ Workers' Compensation  ☐ Other Employment: | ☐ Administrative Appeal  ☐ Antitrust/Unfair Competition  ☐ Code Violations  ☐ Foreign Judgment  ☐ Intellectual Property | ☐ Lawyer Discipline  ☐ Perpetuate Testimony  ☐ Securities/Stock  ☐ Tortious Interference  ■ Other: *Malicious prosecution* |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal  ☐ Tax Delinquency  ☐ Other Tax | *Probate/Wills/Intestate Administration*  ☐ Dependent Administration  ☐ Independent Administration  ☐ Other Estate Proceedings | ☐ Guardianship—Adult  ☐ Guardianship—Minor  ☐ Mental Health  ☐ Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court  ☐ Arbitration-related  ☐ Attachment  ☐ Bill of Review  ☐ Certiorari  ☐ Class Action | ☐ Declaratory Judgment  ☐ Garnishment  ☐ Interpleader  ☐ License  ☐ Mandamus  ☐ Post-judgment | ☐ Prejudgment Remedy  ☐ Protective Order  ☐ Receiver  ☐ Sequestration  ☐ Temporary Restraining Order/Injunction  ☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
■ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Certified Document Number: 56234202 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 1, 2013

Certified Document Number:        56234202 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# Exhibit B/4

Filed 13 June 6 P1:08
Chris Daniel - District Clerk
Harris County
ED101J017528101
By: Nelson Cuero

## 2013-33887 / Court: 061

CAUSE NO._____

| | | |
|---|---|---|
| MICHAEL VAN DEELEN | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION | § | |
| Defendant. | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MICHAEL VAN DEELEN, hereby becoming Plaintiff in the above-entitled and numbered cause, complaining of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, hereinafter sometimes referred to as "Defendant" or "CHASE", and for cause of action would respectfully show the following:

### I. DISCOVERY LEVELS

1.      Plaintiff intends to conduct discovery in this matter under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.      Plaintiff, MICHAEL VAN DEELEN, is an individual residing in Harris County, Texas.

3.      Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, is a foreign financial institution doing business in the State of Texas, and may be served with process herein by serving its registered agent for service, **CT Corporation System at 350 N St. Paul St, STE 2900, Dallas Texas 75201**. A citation is requested at this time.

### III. JURISDICTION AND VENUE

4.      Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code

§15.001, et. seq., as all or a substantial part of the events or omissions giving rise to the claim that is the basis of this suit occurred in Harris County, Texas.

5.      This Court has jurisdiction over the parties and the subject matter of this action as Plaintiff seeks damages in an amount within the jurisdictional limits of this Court.

## IV. FACTS

6.      On or about January 31, 2012, Plaintiff MICHAEL VAN DEELEN drove to the CHASE Bank located at 5931 FM 2920, Spring, Texas 77388 in order to withdraw money from his account at CHASE. Plaintiff arrived before the bank was open for the day. Plaintiff then decided to read the newspaper in his truck while he waited for the bank to open. Plaintiff was sitting in a well-lit area, in a new truck, with a well kempt appearance. A CHASE employee called the police. After Plaintiff had been sitting in his truck for approximately ten minutes, two police officers showed up and began to bang on his truck windows. Plaintiff complied with their instructions to roll down his windows. Then, without warning or provocation, the police officers opened his truck door, dragged him out of his vehicle, and threw him on the ground causing Plaintiff to suffer serious bodily injury.  After taking Plaintiff to the hospital to treat his injuries, Plaintiff was detained in the Harris County jail for approximately one week. The criminal charges against Plaintiff were eventually dismissed, and he was innocent of all charges. The allegations made by the CHASE Bank employees and agents were false when made and made maliciously to the Constable's office.

7.      Mr. Van Deelen is a free citizen of the State of Texas and entitled to protection under the Constitution of the State of Texas. Plaintiff was arrested and required to spend several nights in jail. He was injured by the use of unnecessary and excessive force by the arresting police officers and was required to retain an attorney to defend him in the criminal proceedings. There was no

probable cause for calling the police to investigate Plaintiff. Defendant's actions are a direct and proximate cause of the injuries suffered by Mr. Van Deelen, including, but not limited to, pain and suffering, medical costs, economic hardship, embarrassment, humiliation, mental anguish, court costs, and legal fees.

## V. VICARIOUS LIABILITY

8.      Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant CHASE and Defendant CHASE's officers, agents, servants, employees, or representatives, did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant CHASE or was done in the normal and routine course and scope of employment of such officer, agent, servant, employee, or representative. Defendant CHASE is therefore vicariously liable for the tortious actions of its officers, agents, servants, employees, or representatives due to the doctrine of *respondeat superior*.

## VI. MALICIOUS PROSECUTION

9.      Defendant is liable to Plaintiff for malicious prosecution. Defendant initiated the proceedings that resulted in the arrest of Plaintiff and the subsequent criminal charges. After Mr. Van Deelen was released on bond and the true facts of the case were made known to the prosecuting authorities, the District Attorney's Office dismissed all charges against Mr. Van Deelen for lack of evidence. Plaintiff is innocent of all charges. Defendant did not have probable cause to initiate the prosecution, as Plaintiff was not engaged in any unlawful activity. Defendant acted with malice when it initiated the false charges against Plaintiff. As a result of the criminal prosecution, Plaintiff suffered damage and injury, including, but not limited to, pain and

Certified Document Number: 56234201 - Page 3 of 16

suffering, medical costs, economic hardship, embarrassment, humiliation, mental anguish, court costs, and legal fees.

## VII. NEGLIGENCE OF CHASE

10.    Defendant CHASE was guilty of various acts and/or omissions, each of which, individually or in combination with others, constituted negligence and was a proximate cause of the incident made the basis of this suit, including, but not limited to the following:

i)      In failing to act as a reasonable person would have in the same or similar circumstances,

ii)     In failing to develop, institute and enforce reasonable policies, practices, procedures and guidelines for the implementation of security measures;

iii)    In failing to develop, institute and enforce reasonable policies, practices, procedures and guidelines for the hiring, training, supervision and retention of Defendant CHASE's employees;

iv)     In failing to adequately and properly train and/or supervise Defendant CHASE's employees with respect to the implementation of Defendant CHASE' safety and security policies, practices, procedures and guidelines on the subject premises;

v)      In failing to protect Plaintiff from being falsely imprisoned and wrongfully arrested.

## VII. DEFAMATION

11.    Defendant made slanderous statements regarding false criminal acts of Plaintiff to third parties, and therefore Defendant is liable to Plaintiff for defamation. Defendant published false statements regarding Plaintiff casing the bank in order to commit a robbery to third parsons, and the imputation of a crime is slander per so. The false statements of Defendant were defamatory and injurious to Plaintiff. The statements were false and Defendant was negligent and/or acted with malice with regard to the truth of the statements. As a result of the slanderous statements,

Plaintiff suffered injuries, including, but not limited to, damage to Plaintiff's reputation, economic hardship, embarrassment, humiliation, mental anguish, court costs, and legal fees.

## VIII. COMPENSATORY DAMAGES

12.     Plaintiff's damages include, but are not limited to, physical and mental pain and anguish, damage to reputation, disfigurement, impairment, loss of wages, loss of wage earning capacity in the past, economic hardship, court costs and legal fees.  In reasonable probability, Plaintiff will continue to suffer these injuries and physical and mental pain and anguish, damage to reputation, disfigurement, impairment, loss of wages, loss of wage earning capacity, economic hardship, and medical costs in the future.  Further, because of the nature and severity of the injuries he sustained, Plaintiff has required medical treatment in the past and, in reasonable probability, will require additional treatment in the future.  Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

13.     Based on the aforementioned injuries and damages which were caused by the negligent acts and/or omissions of the Defendant, the Plaintiff has suffered damages from Defendant's wrongful conduct described herein. As discussed in this Petition, Plaintiff has suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future.  Both the Constitution of the United States and the Constitution of the State of Texas provide Plaintiff with the inalienable fundamental right to have his case heard and decided by a jury of his peers at trial. In accordance with these fundamental rights it will ultimately be the responsibility and province of a jury of Plaintiff's peers to decide the economic value of the damages Plaintiff suffered as a result of Defendant's wrongful actions and omissions which form the basis of this

lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages he is seeking, Plaintiff believes that when the totality of his damages are considered, along with the wrongful nature of Defendants' conduct, it is possible that a jury may ultimately decide that Plaintiff's damages exceed not more than one million dollars.

## IX. EXEMPLARY DAMAGES

14.    Plaintiff seeks exemplary damages caused by Defendant CHASE's malice, gross negligence, intentional, knowing or reckless acts and omissions. Exemplary damages are sought under Section 41.003(a)(2) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(7).  Plaintiff also seeks exemplary damages under Section 41.003(a)(3) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(11).

15.    As a proximate result of Defendants' malice, gross negligence, intentional, knowing or reckless acts and omissions, Plaintiff is entitled to recover exemplary damages in an amount within the jurisdictional limits of the Court, to be determined by the jury in its sole discretion.

## X. PRE AND POST-JUDGMENT INTEREST

16.    Plaintiff will additionally show that he is entitled to recover pre-judgment and post-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment and post-judgment interest as provided by law, under the applicable provisions of the laws of the State of Texas.

## XI. REQUEST FOR DISCLOSURE

17.    All Defendants, pursuant to Rule 194 of the Texas Rules of Civil Procedure, are requested to disclose to Plaintiff's attorneys, on or before 50 days after the date of service of this request, the information or material described in Rule 194.2(a), (b), (c), (d), (e), (f) (1) (2) (3) (4) (a) (b), (g),(h), (i), (j), (k) and (l).

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer and that, upon final trial, Plaintiff have judgment against Defendants, jointly and severally, that Plaintiff recover his damages and exemplary damages in accordance with the evidence, that Plaintiff recover costs of Court herein expended, that he recover interest, both pre- and post-judgment to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

**NIELSEN & MUKERJI, LLP**

/s/ *Leena Fenner*
Sam K. Mukerji
State Bar No.: 24053377
Leena Fenner
State Bar No.: 24082986
2405 Smith Street
Houston, TX 77006
Tel: (713) 973-1300
Fax: (713) 973-2228
Email:Leena@NMtriallawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

TO:    Defendant, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION.

Pursuant to Texas Rules of Civil Procedure 192, 196 and 197, Plaintiff hereby serves Plaintiff's First Set of Interrogatories and Requests for Production to Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION.

The time and location of your written response is set forth in the Instructions.

### INSTRUCTIONS

**RESPONDING TO DISCOVERY:** When responding to written discovery, you must make a complete response, based on all information reasonably available to you or your attorney, at the time the response is made. Tex. R. Civ. P. 193.1.

**TIME OF RESPONSE:** Pursuant to Rule 197.2(a), Tex. R. Civ. P., Plaintiff hereby requests Defendant to serve a written response, within 50 days after service of the interrogatories, on NIELSEN & MUKERJI, LLP, Attn: Leena Fenner 2405 Smith Street, Houston, TX 77006.

**OPTION TO PRODUCE RECORDS:** Pursuant to Rule 197.2(c), Tex. R. Civ. P., if the answer to an interrogatory may be derived or ascertained from public records, from the responding party's business records, or from a compilation, abstract or summary of the responding party's business records, and the burden of deriving or ascertaining the answer is substantially the same for the requesting party as for the responding party, the responding party may answer the interrogatory by specifying and, if applicable, producing the records or compilation, abstract or summary of the records. In those instances where the responding party chooses to answer a request for information by referring to a specific document or record, it is requested that such specification be in such sufficient detail to permit the requesting party to locate and identify the documents or records from which the answer is to be ascertained, as readily as can the party served with the request. Plaintiff hereby requests Defendant produce to Leena Fenner, the original of all documents and tangible things produced in lieu of answering a specific interrogatory, within 50 days after service of the interrogatories, with the place of production being the Nielsen & Mukerji, LLP, 2405 Smith Street, Houston, TX 77006. However, if Defendant does not desire to produce the original of responsive documents and tangible things, Defendant shall produce a true, correct and legible photocopy in lieu thereof.

**POSSESSION, CUSTODY AND CONTROL:** Possession, custody or control of a document or tangible thing means either you have physical possession of the document or tangible thing or you have the right to possession that is equal or superior to the person who has physical possession. Tex. R. Civ. P. 192.3(b) and 196.3(a). Actual physical possession is not a

prerequisite to "possession, custody or control."

OBJECTIONS:   To the extent you object to any written discovery, please state specifically the legal or factual basis for the objection and the extent to which you are refusing to comply with the request.   Tex. R. Civ. P. 193.2(a).   If you object to only a portion of a particular interrogatory, specifically identify that portion of the interrogatory that you are objecting to and respond to the remainder completely.   Tex. R. Civ. P. 193.2(b).

VERIFICATION REQUIREMENT:   Pursuant to Rule 197.2(d), Tex. R. Civ. P., a responding party – not an agent or attorney as otherwise permitted by Rule 14 – must sign the answers under oath except that: (1) when answers are based on information obtained from other persons, the party may so state, and (2) a party need not sign answers to interrogatories about persons with knowledge of relevant facts, trial witnesses, and legal contentions.

EXPENSE OF PRODUCTION:   The requesting party agrees to pay the reasonable costs of photocopying documents and tangible things responsive to the requests.   Tex. R. Civ. P. 196.6.

ORGANIZATION OF DOCUMENTS:   You must produce all responsive documents and tangible things as they are kept in the usual course of business, or organize and label them to correspond with the categories in the specific request.   Tex. R. Civ. P. 196.3(c).

EXTENSIONS OF TIME:   Any agreement for an extension of time to respond to these Interrogatories must be in writing and agreed to by the requesting party.   Tex. R. Civ. P. 11.   No extensions of time for making objections to these Interrogatories should be presumed unless such agreement is specifically set out in writing.

BATES LABELS:   Bates stamp each and every page (both front and back if the back is not blank) of each and every document before you produce it. Otherwise, you will assume the risk of an issue regarding whether or which documents you actually produced. When referring to a document in any response, please refer to it by bates number. If the document lacks a bates number, please describe it sufficiently so that the reader may identify it.

**DEFINITIONS**

CONCERNING as used herein shall mean and refer to evidencing, referring to, describing, summarizing, reflecting, pertaining to, constituting, or commenting on.

DEFENDANT as used herein shall mean and refer to the individual or entity to whom this discovery is addressed, as well as the Defendant's agents, servants, employees and representatives.

DOCUMENT and DOCUMENTS as used herein shall mean and refer to any document within the scope of discovery pursuant to Rule 192.3, Tex. R. Civ. P., including but by no means limited to any responsive paper, letter, memorandum, record, report, note, writing, printing, typing, book, account, invoice, receipt, ledger, check, drawing, graph, map, plat, chart, data, and data

compilations from which information can be obtained and translated, if necessary, by YOU, in a reasonably usable form. DOCUMENT and DOCUMENTS shall also mean and refer to anything which may exist in electronic or magnetic form, including but not limited to matters stored in or capable of being reproduced by a computer, computer operating system, computer software program, computer hard-drive, disk, CD-Rom, or zip drive pursuant to Rule 196.4, Tex. R. Civ. P.  In producing anything existing in electronic or magnetic form, you are requested to either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include necessary glossaries, keys and indices for interpretation of the material.

ENTITY as used herein shall mean and refer to a business, company, organization, association, governmental body or entity (unit or department), or administrative body, whether for profit or not, which is not a natural person.

IDENTIFY when used with respect to documents or tangible things, should mean and be interpreted as requiring sufficient information regarding the document or tangible thing so that the requesting party can locate and identify the object as readily as the responding party from whom it is being sought.

IDENTIFY when used with respect to any entity, should be interpreted as requiring the entity's name, address and telephone number.

IDENTIFY when used with respect to any person or individual, should be interpreted as requiring with respect to the person or individual, his/her full name, last known address and last known telephone number.

INCIDENT or OCCURRENCE as used herein shall mean and refer to the incident described in Plaintiff's Original Petition and any amendments or supplements thereto.

PERSON when used herein shall mean and refer to any natural person.

PHOTOGRAPH and PHOTOGRAPHS as used herein shall mean and refer to any still picture, motion picture, photograph, print, negative, transparency, film, movie, video, reel-to-reel recording, electronic image, digital image, digital file, computer generated image, e-mail attachment, or any other thing that depicts or is capable of depicting or reproducing any visual image of any person, occurrence, vehicle, place, scene, or thing relevant to the subject matter of this lawsuit, including any document containing any such visual image or reproduction.

PLAINTIFF as used herein shall mean and refer to the individual or entity that has made the request for this discovery.

RESPONDING PARTY as used herein shall mean and refer to YOU.

REQUESTING PARTY as used herein shall mean and refer to PLAINTIFF.

TANGIBLE THING and TANGIBLE THINGS as used herein shall mean and refer to anything

not a document, but within the scope of discovery pursuant to Rule 192.3, Tex. R. Civ. P.

YOU or YOUR as used herein shall mean and refer to the Defendant to whom this discovery is addressed, as well as the Defendant's agents, servants, employees and representatives.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    List the names, addresses and telephone numbers of everyone who was working at DEFENDANT'S location at the time of the incident in question.

**ANSWER:**

**INTERROGATORY NO. 2:**    Identify the duties and responsibilities of each employee who was working at DEFENDANT'S location at the time of the incident in question.

**ANSWER:**

**INTERROGATORY NO. 3:**    Please describe, in reasonable detail, how the incident in question occurred.

**ANSWER:**

**INTERROGATORY NO. 4:**    Please describe, in reasonable detail, the events leading up to the incident in question, being sure to include specifically what prompted DEFENDANT'S employee(s) to call the police.

**ANSWER:**

**INTERROGATORY NO. 5:**    Identify each person, party, firm, company, business, trust, corporation, partnership, association, governmental agency, governmental unit, or other organization or entity whatsoever who has filed a claim against Defendant or with its insurance carrier, or has filed a lawsuit against Defendant alleging improper hiring/supervision, failure to do background checks, inadequate staffing levels, inadequate staffing qualifications, or filing false reports or initiating malicious prosecution by employees, staff, or other persons, and describe each such claim or lawsuit in full detail, stating the date of such claim or lawsuit, the allegations set forth in each such claim or lawsuit, the names of all attorneys involved, the style of the case (parties, court, jurisdiction, and trial docket number), and the outcome of each such claim or lawsuit, including the terms of any settlement and/or verdict during the period of time January 31, 2008, through present.

**ANSWER:**

**INTERROGATORY NO. 6:**    Were any incident or occurrence reports created, drafted, and/or filed with regard to the occurrence made the subject matter of this lawsuit?  If so, please identify who created, drafted, and/or filed said incident or occurrence report, when it was created, drafted, and/or filed, who it was filed with, and describe in full detail the contents of said

incident or occurrence report.

**ANSWER:**

**INTERROGATORY NO. 7:**     If you contend that the negligence of anyone other than DEFENDANT caused or contributed to the incident in question, please identify any such person or entity and describe in reasonable detail how the specific acts about which you complain, support your contention, in whole or in part.

**ANSWER:**

**INTERROGATORY NO. 8:**     If you contend that the incident in question was unavoidable, or a result of a sudden emergency, describe in detail each specific reason(s) you contend the incident in question was unavoidable or the result of a sudden emergency.

**ANSWER:**

**INTERROGATORY NO. 9:**     If Defendant contends (or intends to contend at trial) that Plaintiff, in any way, failed to exercise ordinary care and caused or contributed to the incident in question and/or the injuries sustained by Plaintiff, please describe in detail how such Plaintiff failed to exercise ordinary care and in what specific way such Plaintiff caused the incident in question and/or the injuries sustained by the Plaintiff in the incident in question.

**ANSWER:**

**INTERROGATORY NO. 10:**     Please describe in detail the training regarding how to identify and deal with potential bank robbery situations, if any, given to the employees involved in the occurrence made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 11:**     Please describe in detail the training and procedure regarding when and how to contact the police, if any, given to the employees involved in the occurrence made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 12:**     Describe with specificity your policy and procedure for checking the background and references of Defendant's staff and employees as it existed on the hiring dates of the individuals specifically inquired about in Interrogatory No. 1, as it existed on January 31, 2012, and as it exists on the date of your answers to this interrogatory if different than January 31, 2012.

**ANSWER:**

**INTERROGATORY NO. 13**:        Describe with specificity the background and reference check performed by Defendant on each individual inquired about in Interrogatory No. 1.

**ANSWER:**

**INTERROGATORY NO. 14**:        Please state the name, address, and telephone number of the witnesses you intend to call at trial and any rebuttal and impeachment witnesses you intend to call at trial whose testimony can be reasonably anticipated before trial.

**ANSWER:**

**INTERROGATORY NO. 15**:        If you contend that there was probable cause to call the police to investigate Plaintiff, which lead to the incident in question, please identify any such probable cause in reasonable detail and how the specific acts about which you complain, support your contention, in whole or in part.

**ANSWER:**

**INTERROGATORY NO. 16**:        Please state the name, address, and telephone number of the employee(s) who placed the call or contributed to the decision to call police regarding Plaintiff and which lead to the incident made the basis of this lawsuit.

**ANSWER:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All surveillance movies, photographs, videotapes, slides, tape recordings, and any other such facsimiles in the possession, custody, or control of Defendant which relate to the events described in Plaintiff's Original Petition.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2**: All surveillance movies, photographs, videotapes, slides, tape recordings, and similar facsimiles which are in your possession, custody, or control describing the physical and/or psychological condition of MICHAEL VAN DEELEN on January 31, 2012, or any time after that date.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 3**: Any documents, reports, or similar facsimile of any investigation pertaining to the events described in Plaintiff's Original Petition that were conducted by or on behalf of Defendant prior to a reasonable anticipation of litigation of the events described in Plaintiff's Original Petition.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 4**: Any and all reports, videotapes, slides, tape recordings, or other similar facsimiles prepared by an expert used for consultation if the consulting expert's opinions or impressions have been reviewed by an expert who may be called as a witness at trial of this cause.  This request includes, but is not limited to, each consulting expert's report containing factual observations, tests, supporting data, calculations, photographs, videotapes, and all opinions relating to this cause and any and all tangible things, physical models, compilations of data, and other materials prepared by such consulting expert relating to the events described in Plaintiff's Original Petition.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 5**: True and correct copies of all documents, if any, concerning any and all criminal records, arrests, convictions, acts of moral turpitude, and/or acts and/or statements of dishonesty, if any, of Plaintiff or any person identified by either party herein as an expert or as a person with knowledge of relevant facts pertaining to this litigation.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6**: Any documentation of any nature whatsoever supporting allegations or beliefs made by or held by Defendant that Plaintiff is responsible for contributory negligence and Plaintiff's responsibility Defendant believes should be submitted to the trier of fact in this litigation.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 7**: Produce any surveillance movies, videotapes, photographs, or other similar facsimiles of Plaintiff.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 8**: True, correct, and legible copies of any oral or written question deposition transcript, including the written questions propounded to the witness, or non-stenographic recording pertaining to this litigation in the possession of Defendant.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 9**: Produce all incident or occurrence reports regardless of when created, drafted, or filed pertaining to Plaintiff regarding the allegations described in Plaintiff's Original Petition, including any such data or information that exists in electronic or magnetic form.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 10**: If Defendant has ever been found in violation of any local, state, or Federal law, regulation, ordinance, or policy by any local, state, or Federal agency or authority between January 31, 2008, and present, produce all documents evidencing the same, including any such data or information that exists in electronic or magnetic form.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 11**: All employee/staff handbooks in use by Defendant at the time of the hiring of the individuals inquired about in Interrogatory No. 1, at the time of the events described in Plaintiff's Original Petition, and currently.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 12**: All policy and procedure handbooks in use by Defendant at the time of the hiring of the individuals inquired about in Interrogatory No. 1, at the time of the events described in Plaintiff's Original Petition, and currently.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 13**: All policies and procedures regarding training employees in use by Defendant at the time of the hiring of the individuals inquired about in Interrogatory No. 1, at the time of the events described in Plaintiff's Original Petition, and currently.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 14**: All policies and procedures regarding performing background checks on new employees in use by Defendant at the time of the hiring of the

individuals inquired about in Interrogatory No. 1, at the time of the events described in Plaintiff's Original Petition, and currently.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 15**:   All policies and procedures regarding the qualifications of employees in use by Defendant at the time of the hiring of the individuals inquired about in Interrogatory No. 1, at the time of the events described in Plaintiff's Original Petition, and currently.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 16**:   All records concerning any complaints, claims, and/or lawsuits regarding malicious prosecution or false imprisonment against employees, agents, and/or servants of Defendant from January 31, 2008, through January 31, 2012.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 19**:   The personnel files and records of background checks of Defendant pertaining to the individual(s) inquired about in Interrogatory No. 1.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 20**:   Copies of any signs or postings indicating CHASE customers are not permitted to park in the parking lot in either the location or at the time Plaintiff was parked there.

**RESPONSE**:

Certified Document Number: 56234201 - Page 16 of 16



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 1, 2013

Certified Document Number:      56234201 Total Pages:  16

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# Exhibit B/5

7012 2210 0001 1326 5623

RECEIPT NUMBER __462165__ __70.00__
TRACKING NUMBER __72914967__ CTM

CAUSE NUMBER __201333887__

| | |
|---|---|
| PLAINTIFF: VAN DEELEN, MICHAEL | In The 61st |
| vs. | Judicial District Court of |
| DEFENDANT: JPMORGAN CHASE BANK NATIONAL ASSOCIATION | Harris County, Texas |

## CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

**FILED**
Chris Daniel
District Clerk
JUN - 7 2013
Time ____
10:34 AM
Harris County Texas
By ____ Deputy

TO: JPMORGAN CHASE BANK NATIONAL ASSOCIATION (FOREIGN FINANCIAL
INSTITUTION) MAY BE SERVED WITH PROCESS HEREIN BY SERVING ITS REGISTERED
AGENT FOR SERVICE C T CORPORATION SYSTEM

350 N ST PAUL ST STE 2900 DALLAS TX 75201

Attached is a copy of __PLAINTIFF'S ORIGINAL PETITION REQUESTS FOR DISCLOSURE FIRST SET OF__
__INTERROGATORIES AND REQUESTS FOR PRODUCTION__

This instrument was filed on the ____6th____ day of ____June____, 20__13__, in the
above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued** under my hand and seal of said Court, at Houston, Texas, this __7th__ day of
____June____, 20__13__.

Issued at request of:
FENNER, LEENA N.
2405 SMITH STREET
HOUSTON, TX 77006
Tel: (713) 973-1300
Bar Number: 24082986

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Generated by: CUERO, NELSON 7MM/7MM/9589235

## OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at _____ o'clock ____.M., endorsed

the date of delivery thereon, and executed it at _____,
                                                                    (street address)                                        (city)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ____.M.,

by delivering to _____, by delivering to its
                                  (the defendant corporation named in citation)

_____, in person, whose name is _____
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                                            (description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____
                                                                    (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____                          By: _____
                                                                          (signature of officer)

                                                      Printed Name: _____

                                                      As Deputy for: _____
_____                                      (printed name or title of sheriff or constable)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20____.

_____
                                                              Notary Public

N.INT.CITC.P

CONFIRMED FILE DATE: 6/7/2013

Certified Document Number: 56247398 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 1, 2013

Certified Document Number:        56247398 Total Pages:  1

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# Exhibit B/6

CONFIRMED FILE DATE: 6/7/2013

2013-33887          61st



**CHRIS DANIEL** 61st COURT
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651

| | |
|---|---|
| Postage | $ 1.52 |
| Certified Fee | 3.10 |
| Return Receipt Fee (Endorsement Required) | 2.55 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.17 |

Received
JUN 07
Postmark Here
2013-33887

Sent To JPMorgan Chase Bank National Association
By serving its registered agent
Street C T Corporation System
or PO 350 N St Paul St., Ste. 2900
City, St Dallas, Texas 75201

**FILED**
Chris Daniel
District Clerk

JUN - 7 2013

Time: _____
          Harris County, Texas
By _____
          Deputy

*RECORDER'S MEMORANDUM*
*This instrument is of poor quality*
*at the time of imaging*

Certified Document Number: 56299980 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 1, 2013

Certified Document Number:        56299980 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# Exhibit B/7

2013-33887    61st

CONFIRMED FILE DATE : 6/14/2013

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Huber Carouth_  ☐ Agent  ☐ Addressee <br> B. Received by ( Printed Name )   C. Date of Delivery <br> A. Carrouth |
| 1. Article Addressed to: <br><br> JPMorgan Chase Bank National Association <br> By serving its registered agent <br> C T Corporation System <br> 350 N St Paul St., Ste. 2900 <br> Dallas, Texas 75201 <br><br> 2013-33887   61st COURT | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> JUN 11 2013 <br><br> 3. Service Type <br> ☑ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7012 2210 0661 1326 5023 |
| PS Form 3811, February 2004     Domestic Return Receipt | 102595-02-M-1540 |

JUN 07 2013

**F I L E D**
Chris Daniel
District Clerk

JUN 14 2013

Time: _____
Harris County, Texas
By _____
Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

Certified Document Number: 56320883 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 1, 2013

Certified Document Number:        56320883 Total Pages:  1

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

# Exhibit B/8

Filed 13 June 25 A10:46
Chris Daniel - District Clerk
Harris County
ED101J017561559
By: Charleta Johnson

CHS.21661

## CAUSE NO. 2013-33887

| | | |
|---|---|---|
| MICHAEL VAN DEELEN, | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| **Defendant.** | § | 61ST JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW JPMORGAN CHASE BANK, N.A.,** Defendant in the above entitled and numbered cause, and files this its Original Answer to Plaintiff's Original Petition and for same would respectfully show unto the Court as follows:

I.

### General Denial

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

II.

### Jury Demand

Defendant hereby, in accordance with Rule 216 of the Texas Rules of Civil Procedure, demands a trial by jury. Simultaneously with the filing of this demand, a jury fee is being paid on behalf of this Defendant.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without day, and for such other and

further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.**

BY: _____

**DOUGLAS D. FLETCHER**
State Bar No. 07139500
Email: doug.fletcher@fletcherfarley.com
**RICHARD G. MILLER**
State Bar No. 14107500
Email: richard.miller@fletcherfarley.com
**CHRISTOPHER J. HANLON**
State Bar No. 24065367
Email: christopher.hanlon@fletcherfarley.com
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (telecopier)

**ATTORNEYS FOR DEFENDANT**
**JPMORGAN CHASE BANK, N.A.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record, in compliance with Rule 21a. of the Texas Rules of Civil Procedure, on this the _25th_ day of _June_____, 2013.

_____
**DOUGLAS D. FLETCHER**

<u>DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION</u> - **Page 2**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 1, 2013

Certified Document Number:        56424606 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# Exhibit B/9

Filed 13 June 27 P3:51
Chris Daniel - District Clerk
Harris County
FAX15509624

CHS.21661

## CAUSE NO. 2013-33887

| MICHAEL VAN DEELEN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| Defendant. | § | 61ST JUDICIAL DISTRICT |

### DEFENDANT'S DESIGNATION OF ATTORNEY IN CHARGE
### PURSUANT TO TEX. R. CIV. P. 8

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Rule 8 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant JPMorgan

Chase Bank, N.A. hereby designates Richard G. Miller (State Bar No. 14107500) of the law firm

of Fletcher, Farley, Shipman & Salinas, L.L.P. as attorney in charge for said Defendant in this

cause replacing Douglas D. Fletcher.

Certified Document Number: 56458024 - Page 1 of 3

**DEFENDANT'S DESIGNATION OF ATTORNEY IN CHARGE PURSUANT TO TEX. R. CIV. P. 8**
Page 1
H:\Docs\21661\pleading\Des Atty in Chg.doc

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.**

*Richard G. Miller*

**RICHARD G. MILLER**
State Bar No. 14107500
richard.miller@fletcherfarley.com

**CHRISTOPHER J. HANLON**
State Bar No. 24065367
christopher.hanlon@fletcherfarley.com

8750 North Central Expressway, 16th Floor
Dallas, Texas 75231
(214) 987-9600
(214) 987-9866 [Fax]

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

**DEFENDANT'S DESIGNATION OF ATTORNEY IN CHARGE PURSUANT TO TEX. R. CIV. P. 8**
Page 2
H:\Docs\21661\pleading\Des Atty in Chg.doc

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, or hand delivered to all counsel of record in compliance with Rule 21a. of the TEXAS RULES OF CIVIL PROCEDURE on this the 27 day of June 2013.

RICHARD G. MILLER

**DEFENDANT'S DESIGNATION OF ATTORNEY IN CHARGE PURSUANT TO TEX. R. CIV. P. 8**
Page 3
H:\Docs\21661\pleading\Des Atty in Chg.doc



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 1, 2013

Certified Document Number:        56458024 Total Pages: 3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# Chris Daniel
### Harris County District Clerk

## FAX COVER SHEET

**DATE:**   Thursday, June 27, 2013 03:50PM

**TO:**   713-755-1451@FAXPRESS

**FAX:**   713-755-1451

**SUBJECT:**   FAX15509624_1_1

**FROM:**   Miller, Richard G

**VOICE:**

**FAX:**

**COMMENTS:**   Batch Name : CHS.21661

Filing Instructions : Please file with the Court.

Total Pages *(including cover sheet)*:  4

201 Caroline  •  P.O. Box 4651  •  Houston, Texas  77210-4651  •  (713) 755-5734
www.hcdistrictclerk.com

Certified Document Number: 56459711 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 1, 2013

Certified Document Number:      56459711 Total Pages:  1

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# Exhibit B/:

Filed 13 June 28 A10:56
Chris Daniel - District Clerk
Harris County
FAX15510105

CHS.21661

## CAUSE NO. 2013-33887

| | | |
|---|---|---|
| MICHAEL VAN DEELEN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| Defendant. | § | 61ST JUDICIAL DISTRICT |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S
## FIRST AMENDED ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW JPMORGAN CHASE BANK, N.A., Defendant in the above-entitled and numbered cause, and files this its First Amended Original Answer, and for same respectfully would show unto the Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### JURY DEMAND

Defendant hereby, in accordance with Rule 216 of the Texas Rules of Civil Procedure, demands a trial by jury. The jury fee has been paid.

Certified Document Number: 56465112 - Page 1 of 6

### III.
### RULE 193.7 NOTICE

Defendant intends to use those documents produced by all parties during discovery upon the trial of this case and hereby provides all parties notice of that intent pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

### IV.
### LIMITATIONS

As an affirmative defense, Defendant would show that Plaintiff's claims are barred in whole or in part, by the applicable statutes of limitations.

### V.
### CONTRIBUTORY NEGLIGENCE

As an affirmative defense, Defendant asserts that Plaintiff was guilty of certain acts and/or omissions of negligence which were the proximate cause or a contributing proximate cause of the occurrence made the basis of this suit and the alleged injuries and damages, if any, claimed by Plaintiff.

### VI.
### INTENTIONAL ACTS/OMISSIONS OF THE PLAINTIFF AND OTHERS

As an affirmative defense, Defendant asserts that the Plaintiff and others over whom Defendant had no control caused or contributed to cause the occurrence made the basis of this suit and the alleged injuries and damages, if any, claimed by Plaintiff by their intentional acts and/or omissions.

### VII.
### NEGLIGENCE OF OTHERS

Defendant affirmatively pleads that the occurrence in question and Plaintiff's alleged injuries and damages, if any, were caused by the negligent acts and/or omissions of others over whom Defendant had no control. Such acts and/or omissions were the proximate cause or a

Certified Document Number: 56465112 - Page 2 of 6

contributing proximate cause of the occurrence and alleged injuries and damages, if any, in question.

## VIII.
## SOLE PROXIMATE CAUSE

Defendant affirmatively pleads that an act or omission of a person or entity not a party to this suit was the "sole proximate cause" of the occurrence in question and the alleged injuries and damages, if any, claimed by Plaintiff.

## IX.
## SUBSTANTIAL TRUTH

In the alternative, and as an affirmative defense, Defendant asserts that any allegedly slanderous or libelous statements, if any, made by Defendant (or any of its agents or employees) were true or substantially true, and that any claims asserted by Plaintiff with regard to such statements, if any, are therefore barred.

## X.
## PROPORTIONATE RESPONSIBILITY

Defendant asserts that it is entitled to have the jury determine the percentage of responsibility of the Plaintiff, each defendant, each settling person, and each responsible third party designated pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE ANN. Section 33.003 and to have Defendant's liability, if any, reduced accordingly.

## XI.
## DAMAGES

Defendant asserts that it is entitled to all of the protections afforded to it pursuant to Chapter 41 of the TEX. CIV. PRAC. & REM. CODE.

Certified Document Number: 56465112 - Page 3 of 6

Defendant asserts that any recovery of medical expenses or health care expenses is limited to the amount actually paid or incurred by or on behalf of the Plaintiff in accordance with TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105.

Defendant asserts that if Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, evidence to prove the loss, if any, must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE ANN. § 18.091 (a) and (b).

## XII.
## EXEMPLARY DAMAGES

Defendant asserts that the Plaintiff must prove by clear and convincing evidence the elements of exemplary damages and the burden of proof may not be shifted to the Defendant or satisfied by evidence, if any, of ordinary negligence, bad faith, or a deceptive trade practice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (a) and (b).

Defendant asserts that, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 41.006, an award against a Defendant for exemplary damages, if any, must be specific as to each Defendant. Further, each Defendant is liable only for the amount of an award of exemplary damages made against that Defendant, if any.

Defendant asserts that prejudgment interest may not be assessed or recovered on any award of exemplary damages, if any, in this cause. See TEX. CIV. PRAC. & REM. CODE ANN. § 41.007.

Defendant asserts that applicable statutes place a limitation or "cap" on any exemplary damages sought by Plaintiff. Plaintiff's claims for exemplary damages are limited as provided by TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b).

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER - Page 4**
H:\Docs\21661\pleading\FAOA.doc

Defendant asserts that in a trial to a jury, the Court shall instruct the jury with regard to the evidence to be considered in determining the amount of exemplary damages as provided by TEX. CIV. PRAC. & REM. CODE ANN. § 41.011.

Defendant further asserts that no grounds exist for holding Defendant liable for exemplary damages on account of any alleged act or omission, if any, on the part of any alleged agent or employee of Defendant.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without day, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN
& SALINAS, L.L.P.**

BY: _____

**RICHARD G. MILLER**
State Bar No. 14107500
Email: richard.miller@fletcherfarley.com

**CHRISTOPHER J. HANLON**
State Bar No. 24065367
Email: christopher.hanlon@fletcherfarley.com

8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (telecopier)

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A**

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER - Page 5**
H:\Docs\21661\pleading\FAOA.doc

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, or hand delivered to all counsel of record in compliance with Rule 21a. of the TEXAS RULES OF CIVIL PROCEDURE on this the 28th day of June 2013.

_____
RICHARD G. MILLER

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER** - Page 6
H:\Docs\21661\pleading\FAOA.doc



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 1, 2013

Certified Document Number:        56465112 Total Pages:  6

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Filed 13 June 28 A10:56
Chris Daniel - District Clerk
Harris County
FAX15510105

# Chris Daniel

### Harris County District Clerk

## FAX COVER SHEET

**DATE:** Friday, June 28, 2013 10:55AM

**TO:** 713-755-1451@FAXPRESS

**FAX:** 713-755-1451

**SUBJECT:** FAX15510105_1_1

**FROM:** Miller, Richard G

**VOICE:**

**FAX:**

**COMMENTS:** Batch Name : CHS.21661

Filing Instructions : Please file with the other papers in this caus

Total Pages *(including cover sheet)*: 7

201 Caroline • P.O. Box 4651 • Houston, Texas 77210-4651 • (713) 755-5734
www.hcdistrictclerk.com

Certified Document Number: 56466123 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 1, 2013

Certified Document Number:        56466123 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# Exhibit B/;

 CT Corporation

**Service of Process Transmittal**
06/11/2013
CT Log Number 522887416

**TO:**   Carl Del Vecchio
JPMorgan Chase Bank, N.A.
Legal Department, 1 Chase Manhattan Plaza
L3
New York, NY 10005

**RE:**   **Process Served in Texas**

**FOR:**   JPMorgan Chase Bank, National Association (Cross Ref Name) (Domestic State: N/A)
JPMorgan Chase Bank, N.A. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael Van Deelen, Pltf. vs. JPMorgan Chase Bank, National Association, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Requests For Disclosure, First Set of Interrogatories, Requests For Production, First Set of Interrogatories and Requests For Production, Requests For Production, Attachment |
| **COURT/AGENCY:** | 61st Judicial District Court Harris County, TX<br>Case # 201333887 |
| **NATURE OF ACTION:** | On or about January 31, 2012 at Chase Bank located at 5931 FM 2920, Spring, Texas 77388 - Plaintiff was wrongly arrested as result of slanderous statements regarding false criminal acts |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/11/2013 postmarked on 06/07/2013 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days - File Answer // Within 50 days - Disclosure, Production, Interrogatories |
| **ATTORNEY(S) / SENDER(S):** | Leena Fenner<br>Nielsen & Mukerji, LLP<br>2405 Smith Street<br>Houston, TX 77006<br>713-973-1300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/11/2013, Expected Purge Date: 07/11/2013<br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amber Carrouth |
| **ADDRESS:** | 350 North St Paul Street<br>Suite 2900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / JD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

RECEIPT NUMBER  462165        70.00
TRACKING NUMBER  72914967        CTM

CAUSE NUMBER ___201333887___

| | |
|---|---|
| **PLAINTIFF:**  VAN DEELEN, MICHAEL | **In The**   61st |
| vs. | **Judicial District Court of** |
| **DEFENDANT:**   JPMORGAN CHASE BANK NATIONAL ASSOCIATION | **Harris County, Texas** |

### CITATION CORPORATE

**THE STATE OF TEXAS**
County of Harris

TO: JPMORGAN CHASE BANK NATIONAL ASSOCIATION (FOREIGN FINANCIAL
    INSTITUTION) MAY BE SERVED WITH PROCESS HEREIN BY SERVING ITS REGISTERED
    AGENT FOR SERVICE C T CORPORATION SYSTEM

350 N ST PAUL ST STE 2900  DALLAS TX 75201

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION REQUESTS FOR DISCLOSURE FIRST SET OF___
INTERROGATORIES AND REQUESTS FOR PRODUCTION

This instrument was filed on the ___6th___ day of ___June_____, 20 _13_, in the
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___7th___ day of
_____June_____, 20 _13_.

Issued at request of:
FENNER, LEENA N.
2405 SMITH STREET
HOUSTON, TX 77006
Tel: (713) 973-1300
Bar Number:  24082986

**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Generated by: CUERO, NELSON   7MM/7MM/9589235

---

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at _____ o'clock ____.M., endorsed

the date of delivery thereon, and executed it at _____, _____,
                                                                (street address)                              (city)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ____. M.,

by delivering to _____, by delivering to its
                                       (the defendant corporation named in citation)

_____, in person, whose  name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                            (description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____.
                                                      (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____                                    By: _____
                                                                       (signature of officer)

                                                         Printed Name: _____

                                                         As Deputy for: _____
_____                                  (printed name & title of sheriff or constable)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

                                                         _____
                                                                       Notary Public

N.INT.CITC.P

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL VAN DEELEN, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 4:13-cv-1931 |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| Defendant. | § | |

## LIST OF COUNSEL OF RECORD

Pursuant to 28 U.S.C. § 1446(a) and S.D. Tex. Loc. R. 81, the following are the list of counsel of record in this matter in state court:

| Plaintiff's Attorneys: | Defendant's Attorneys: |
|---|---|
| Mr. Sam K. Mukerji<br>Sam@nmtriallawfirm.com<br>Ms. Leena Fenner<br>leena@nmtriallawfirm.com<br>Nielsen & Mukerji, LLP<br>2405 Smith Street<br>Houston, Texas  77006<br>(713) 574-8526<br>(713) 973-2228 [facsimile] | Richard G. Miller<br>richard.miller@fletcherfarley.com<br>Christopher J. Hanlon<br>christopher.hanlon@fletcherfarley.com<br>Fletcher, Farley, Shipman & Salinas, LLP<br>8750 North Central Expressway, 16th Floor<br>Dallas, Texas 75231<br>(214) 987-9600<br>(214) 987-9866 [facsimile] |